UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES E. HOFLIN d/b/a HOFLIN HOMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARYLAND CASUALTY COMPANY, a foreign corporation,<br><br>　　　　Defendant. | CASE NO. C04-1464C<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's Motion for Reconsideration (Dkt. No. 24) of the Court's March 10, 2005 Order denying Defendant's Motion for Summary Judgment.

　　　　Defendant argues that the Court committed manifest error by (1) misunderstanding Defendant's argument; (2) confusing the distinction between the "your work" definition and the "your work" exclusion in the body of the policy; and (3) failing to afford a proper meaning to "on your behalf" as that term is used in the EIFS exclusion endorsement.

　　　　Motions for reconsideration are governed by Local Rule CR 7(h)(1), which provides in pertinent part that "[m]otions for reconsideration are disfavored . . . [and] will ordinarily [be] den[ied] . . . in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local

ORDER – 1

Rules W.D. Wash.

Although Defendant's arguments for reconsideration affirm that its interpretation of the policy is reasonable, that is not the issue the Court must decide. At this point in the case, the question before the Court is whether Plaintiff's interpretation of the policy is reasonable. *See Tyrell v. Farmers Ins. Co.*, 994 P.2d 833, 836 (Wash. 2000). Two factors convince the Court that it is reasonable. First, the Court must construe the policy as it would be understood by the average person, not as it would be understood by an individual skilled in insurance policy interpretation. *See Smith v. Continental Cas. Co.*, 904 P.2d 749, 751 (1995). Second, the Court finds that *Harrison Plumbing & Heating, Inc. v. New Hampshire Insurance Group*, 681 P.2d 875 (Wash. Ct. App. 1984), is not controlling. Unlike the two clearly separate and independent exclusions in *Harrison Plumbing*, this case involves an exclusion and endorsement that both concern the "your work" exclusion. While it is possible to read the "your work" exclusion in the body of the policy as independent from the "Exclusion - Designated Work" endorsement, it is also plausible to read the endorsement as expanding the "your work" definition. This expanded definition must then be read in context of the policy exclusion. So, although Defendant's interpretation of the endorsement may be reasonable, the Court cannot say that Plaintiff's interpretation is unreasonable. *See Kaplan v. Northwestern Mut. Life Ins. Co.*, 65 P.3d 16, 25 (Wash. Ct. App. 2003). The Court must therefore conclude, as it previously has, that the policy is susceptible of more than one reasonable interpretation.

However, rather than automatically construe the insurance policy in favor of the insured, *Transcon. Ins. Co. v. Wash. Pub. Util. Dists.' Util. Sys.*, 760 P.2d 337, 343 (Wash. 1988), the Court has found it preferable to allow discovery to proceed, such that the mutual intent of the parties may be ascertained. *See Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 881 P.2d 201, 207 (Wash. 1994) (stating that extrinsic evidence can be used to resolve ambiguity). Yet, at this stage of the litigation, upon a motion for summary judgment, the Court is not able to find as a matter of law that Defendant's interpretation of the policy is the only reasonable interpretation.

ORDER – 2

1   Finding no manifest error in its March 10, 2005 Order, the Court hereby DENIES Defendant's

2   Motion for Reconsideration.

3   SO ORDERED this __10th__ day of June, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

ORDER – 3